**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MICKEY FRADIUE, | No. 11-15818 |
| Petitioner - Appellant, | D.C. No. 2:00-cv-02209-MCE-KJN |
| v. | |
| CHERYL PLILER, Warden; ATTORNEY GENERAL CA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted December 3, 2013
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

State prisoner Michael Mickey Fradiue appeals from the district court's

denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

affirm. Because the parties are familiar with the history of this case, we need not recount it here.

The question in this case is whether the California Court of Appeal's decision in this case was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.[1] 28 U.S.C. § 2254(d)(1). The district court correctly concluded that it was not.

A state court's decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (internal quotation marks and citation omitted). A state court's decision is an "unreasonable application of" federal law if it "identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case[.]" *Yarborough v. Alvarado*, 541 U.S. 652, 663 (2004) (*quoting Williams v. Taylor*, 529 U.S. 362, 413 (2000)).

---

[1] The relevant state court adjudication is "the last reasoned judgment by the state courts," which was in this case the California Court of Appeal July 12, 2000, decision on direct review. *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007).

Here, the issue is whether Fradiue was in custody within the meaning of *Miranda v. Arizona*, 384 U.S. 436 (1966), when he was interrogated in administrative segregation while imprisoned. There is no *per se* rule that a prisoner is in custody for *Miranda* purposes simply because he is in prison. *United States v. Turner*, 28 F.3d 981, 983 (9th Cir. 1994). Instead, prisoners must make an additional showing that an officer has "in some way acted upon the defendant so as to [] deprive[] (him) of his freedom of action in any significant way." *Cervantes v. Walker*, 589 F.2d 424, 428 (9th Cir. 1978) (internal quotation marks and citation omitted).

The California Court of Appeal correctly applied the principles of *Miranda* and *Cervantes*,[2] and analyzed the case with an examination of the totality of the circumstances. Here, Fradiue had lived for a month in the cell where he was interviewed, so he was not placed in a new, coercive environment when he was questioned. He was not handcuffed during the interview and he admitted that he could have terminated the interview. Although some jurists might disagree with the California Court of Appeal on *de novo* review, its decision was not contrary to,

_____

[2] Our case law "may provide persuasive authority for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent." *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009).

or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

Fradiue argues that the Court of Appeal decision was contrary to *Mathis v. United States*, 391 U.S. 1 (1968). In *Mathis*, the Supreme Court reversed the conviction of Mathis, an inmate in state prison, because a government agent failed to warn Mathis of his *Miranda* rights before questioning him about a crime unrelated to the one for which he had been serving time in prison. *Id*. at 2-3. But *Mathis* does not stand for the proposition that incarceration alone, or the reduced freedom attendant to administrative segregation, automatically transforms a petitioner's status to one that is "in custody" for the purposes of *Miranda*, and Fradiue offers no direct authority for that proposition. *See Turner*, 28 F.3d at 983 ("We have declined to establish a per se rule that a defendant is in 'custody' for *Miranda* purposes simply because that defendant is in prison.").

Given the very deferential standard of review applicable to federal court review of habeas petitions from state prisoners, the district court properly denied the writ.

**AFFIRMED.**